1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

J.F., a minor, by her guardian ad litem Cherise
Abel-Irby.

                Plaintiff,

   v.

NEW HAVEN UNIFIED SCHOOL DISTRICT,
et al.,

           Defendants.
                          /

No. C 13-03808 SI

**ORDER RE MOTION TO DISMISS
COMPLAINT**

The motion by defendants to dismiss plaintiff's complaint is scheduled for hearing on January 24, 2014. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court GRANTS IN PART AND DENIES IN PART the defendants' motion to dismiss. If the plaintiff wishes to amend her complaint, she must do so by February 21, 2014.

**BACKGROUND**

This case stems from problems between the plaintiff, minor student J.F., and the defendants, her high school and several of its staff members. In 2012, J.F. was a student at James Logan High School in the New Haven Unified School District. Compl. Ex. A at 3.[1] At age six, J.F. was diagnosed with

---

[1]The plaintiff attached to her complaint as Exhibit A a copy of the ALJ's decision from the plaintiff's hearing. Because this document was submitted as part of the complaint, the Court can properly consider it in this motion to dismiss. *See Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001).

United States District Court
For the Northern District of California

Attention Deficit and Hyperactivity Disorder ("ADHD"), for which she takes daily medication. *Id.* On October 26, 2012, J.F. was involved in a fight in one of the hallways at her school. *Id.* at 5. The principal, defendant Brar, was informed of the fight and went to the scene. *Id.* at 5-6. At the scene of the fight, Brar grabbed J.F.'s arm and she responded by striking him.[2] Compl. ¶ 5. Brar then wrapped his arms around J.F. and, with the assistance of defendant Perry, a campus security technician, escorted J.F. to his office. *Id.* Ex. A at 6. When they reached the office, Brar released J.F. from the hold, whereupon she fell to the floor and vomited. *Id.* Following the incident, J.F. was suspended from school. *Id.* at 8.

In February, 2013, the school district determined that the October 26, 2012 incident was not a manifestation of J.F.'s ADHD. *Id.* at 9. J.F. appealed this determination. On May 20, 2013, an ALJ affirmed the school district's determination. *Id.* at 22. J.F. then filed the instant case in federal court, alleging eight causes of action: (1) an appeal of the ALJ's decision; (2) a claim for attorney's fees; (3) negligent infliction of emotional distress against all individual defendants; (4) a civil rights claim under 42 U.S.C. § 1983 against individual defendants Brar, Perry, and Pando for alleged violations of J.F.'s Fourth, Fifth, and Eighth Amendment rights; (5) a § 1983 claim against the individual defendants Brar, Perry, and Pando as school officials for violation of J.F.'s Fourth and Fourteenth Amendment rights; (6) a § 1983 claim against defendant New Haven Unified School District for failing to supervise and train its staff, resulting in a violation of J.F.'s Fourth and Fourteenth Amendment rights; (7) a claim for violation of the Unruh Civil Rights Act against individual defendants Higgerson, Brar, Perry, and Pando; and (8) a claim against individual defendants Brar, Perry, and Pando for assault and battery.

The defendants now move the Court to dismiss Counts Three through Eight of the plaintiff's complaint.

**LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This

---

[2]There is a dispute in the record regarding how and how many times J.F. struck Brar. *Compare* Compl. ¶ 5 (hitting), *with id.* Ex. A at 6 (kicking and punching). However, the Court need not resolve this factual dispute when ruling on this motion to dismiss.

2

"facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

In reviewing a Rule 12(b)(6) motion, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff. *See al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009), *reversed and remanded on other grounds sub nom. Ashcroft v. al-Kidd*, 131 S. Ct. 2074 (2011). However, a district court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). As a general rule, the Court may not consider any materials beyond the pleadings when ruling on a Rule 12(b)(6) motion. *Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001). However, pursuant to Federal Rule of Evidence 201, the Court may take judicial notice of "matters of public record," such as prior court proceedings, without thereby transforming the motion into a motion for summary judgment. *Id.* If the Court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

The defendants move to dismiss Counts Three through Eight of the plaintiff's complaint for failure to state a claim upon which relief can be granted. Alternatively, the defendants contend that the Court should decline to exercise supplemental jurisdiction over the plaintiff's state law personal injury

United States District Court
For the Northern District of California

claims.  The defendants also argue that some of the plaintiff's claims must be dismissed based on qualified immunity and the Eleventh Amendment.  The Court will discuss the immunity issue first and then address each claim.

**1.      The Eleventh Amendment/Qualified Immunity.**

Under the doctrine of sovereign immunity, embodied in the Eleventh Amendment, states and their entities cannot be sued in federal court.  *See* U.S. Const. amend. XI.  The qualified immunity doctrine "confers immunity on Government officials of suitable rank for the reason that officials of government should be free to exercise their duties unembarrassed by fear of damage suits in respect of acts done in course of those duties."  *Doe v. McMillan*, 412 U.S. 306, 319 (1973) (citation and internal quotation marks omitted).

**A.      New Haven Unified School District.**

The defendants argue that the school district, as a state entity, is protected by the Eleventh Amendment against suit in federal court.  The Court agrees.  The Ninth Circuit holds that California school districts are state agencies, protected from suit by the Eleventh Amendment.  *Belanger v. Madera Unified Sch. Dist.*, 963 F.2d 248, 251 (9th Cir. 1992).  Because New Haven Unified School District is a school district within the state of California, the Eleventh Amendment bars the plaintiff's claims against it in federal court.

Accordingly, defendant New Haven Unified School District's motion to dismiss is GRANTED as to the entire complaint, without leave to amend.

**B.      District Employees.**

The plaintiff also brings suit against Sarah Kappler, in her official capacity, and defendants Brar, Perry, Pando, and Higgerson, both individually and in their official capacities.

The Eleventh Amendment also bars suits against district employees acting in their official capacities.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Although "state officials

United States District Court
For the Northern District of California

literally are persons . . . a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Id.*

All five individual defendants are school district employees and are therefore state employees for purposes of the Eleventh Amendment. Defendant Kappler is sued only in her official capacity. Therefore, her motion to dismiss is GRANTED as to the entire complaint, without leave to amend. To the extent the plaintiff purports to sue defendants Brar, Pando, Perry, and Higgerson in their official capacities, their motions to dismiss are GRANTED, without leave to amend.

The defendants further argue that they are protected from suit in their individual capacities by the doctrine of qualified immunity. Qualified immunity protects government officials from liability in a civil suit, "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Therefore, when a court considers a claim of qualified immunity it should determine both whether the plaintiff can allege a violation of a constitutional or statutory right, and whether the right was "clearly established." *Pearson v. Callahan*, 55 U.S. 223, 242 (2009). This determination does not require adherence to a rigid formula; courts have discretion to examine these questions in whichever order is most appropriate to the particular case. *Id.*

The plaintiff alleges that defendants Brar, Perry, and Pando violated her constitutional rights. Because, for the reasons set forth below, the Court determines that only the claim against defendants Brar and Perry for the alleged violation of the plaintiff's Fourth Amendment rights can survive this motion to dismiss, the Court will only address the qualified immunity question in this context. The Ninth Circuit has considered cases in which excessive force by school officials was found to violate the Fourth Amendment. *See, e.g.*, *Preschooler II v. Clark Cnty. Bd. of Trustees*, 479 F.3d 1175 (9th Cir. 2007); *P.B. v. Koch*, 96 F.3d 1298 (9th Cir. 1996). Whether the facts of the instant case can establish a similar violation will be a fact-intensive inquiry not suited for a motion to dismiss. Therefore, the Court DENIES the defendants' motion to dismiss on qualified immunity grounds, without prejudice to a renewal of this argument at the summary judgment stage.

United States District Court
For the Northern District of California

**2.      Third Cause of Action - Negligent Infliction of Emotional Distress.**

In Count Three of her complaint, J.F. alleges a claim of negligent infliction of emotional distress ("NIED") against individual defendants Brar, Perry, Pando, and Higgerson.

NIED is not a separate tort; instead, it is a species of the tort of negligence, and therefore requires that the plaintiff adequately plead duty, breach, causation, and damages. *Burgess v. Superior Court*, 2 Cal. 4th 1064, 1072 (1992).  "Whether a defendant owes a duty of care is a question of law. Its existence depends upon the foreseeability of the risk and a weighing of policy considerations for and against imposition of liability."  *Id.*

J.F. claims that "defendants created a hostile school environment . . . in response to behaviors that related to her disability." Compl. ¶ 26.  She alleges that Higgerson, her biology teacher, encouraged an environment in her classroom whereby J.F. was ostracized by her peers on account of her disability. *Id.*  J.F. appears to base her NIED claim against Brar and Perry on the October 26, 2012 incident where Brar restrained J.F. after she struck him.  *Id.* ¶ 27.  J.F. further alleges that the defendants failed to investigate allegations she made regarding an incident when Pando allegedly knocked her to the ground. *Id.* ¶ 28.  The complaint is devoid of NIED allegations against Pando directly.

J.F. has not alleged a viable claim of NIED against the individual defendants.  First, J.F. has not sufficiently alleged what duty the individual defendants had to her and how they allegedly breached that duty.  *See Burgess*, 2 Cal. 4th at 1072.  Second, J.F.'s factual allegations in support of this cause of action are so unclear as to be virtually indecipherable.  For example, J.F. alleges that she suffered emotional distress as a result of the defendants' failure to investigate her claim regarding Pando.  Compl. ¶ 28.  However, she fails to explain who Pando is, what happened between them, or how the individual defendants are alleged to have breached a duty of care in relation to this incident.  Additionally, J.F. alleges that another teacher – not a party to this lawsuit – informed other students that J.F. had initiated a lawsuit.  *Id.* ¶ 29.  It is unclear how these allegations against an unrelated third party are intended to show that any of the named defendants caused J.F. emotional distress.

The Court finds that Count Three does not adequately set forth a claim for NIED.  Accordingly, the Court GRANTS the defendants' motion to dismiss Count Three, with leave to amend.

6

**3.      Fourth Cause of Action - Section 1983 Claims Against Brar, Pando, and Perry as Individuals.**

In her fourth cause of action, J.F. alleges that defendants Brar, Pando, and Perry violated her Fourth, Fifth, and Eighth Amendment rights.  Specifically, she contends that Pando, on some unspecified date, prevented J.F. from entering her English class.  Compl. ¶ 34.  She further alleges that she was "pushed and knocked to the ground," presumably by Pando.  *Id.*  J.F. also alleges that Brar and Perry violated her constitutionally protected rights when they restrained her on October 26, 2012, after J.F. struck Brar.  *Id.*

Students have a right to be free from unreasonable searches and seizures while at school.  *See Doe ex rel. Doe v. Haw. Dep't of Educ.*, 334 F.3d 906, 909 (9th Cir. 2003).  The Ninth Circuit recognizes that "the Fourth Amendment governs a teacher's seizure of a student." *Id.*  A seizure of a student by a school official only violates the Fourth Amendment if it is unreasonable under the circumstances.  *Id.*  "In applying the Fourth Amendment in the school context, the reasonableness of the seizure must be considered in light of the educational objectives [the school official] was trying to achieve." *Id.*

With respect to her claim against Pando, J.F. has not sufficiently alleged a violation of Fourth or Fifth Amendment rights.  J.F. alleges that Pando attempted to prevent her from entering her English class.  Compl. ¶ 34.  She further alleges that she was pushed and knocked to the ground.  *Id.*  However, she fails to explain who Pando was, or allege that it was Pando who allegedly knocked her to the ground.  As pled, the complaint does not sufficiently establish that Pando violated any of J.F.'s constitutional rights.  Therefore, the Court GRANTS the defendants' motion to dismiss J.F.'s § 1983 claim with respect to individual defendant Pando, with leave to amend.

With respect J.F.'s claim under the Fourth Amendment against defendants Brar and Perry, the Court finds that J.F. has alleged sufficient facts to survive a motion to dismiss.  J.F. alleges that the two defendants seized her, causing her to drop to the ground, collapse, black out, and vomit.  Compl. ¶ 34.  Viewing these allegations in the light most favorable to J.F., the Court cannot say that her claim is utterly implausible.  Therefore, the Court DENIES the defendants' motion to dismiss J.F.'s § 1983 claim for violations of her Fourth Amendment rights, with respect to defendants Brar and Perry.

United States District Court
For the Northern District of California

With respect to J.F.'s § 1983 claim against defendants Brar and Perry, premised on the Fifth Amendment, J.F. has failed to allege how these defendants' alleged actions violated her Fifth Amendment rights. Therefore, to the extent J.F.'s § 1983 claim against Brar and Perry is premised on the Fifth Amendment, the defendants' motion to dismiss is GRANTED, with leave to amend.

Finally, J.F. cannot base her § 1983 claim against Brar, Pando, or Perry on the Eight Amendment. The United States Supreme Court has unequivocally held that the Eighth Amendment does not apply to the infliction of corporal punishment on public school students. *Ingraham v. Wright*, 430 U.S. 651, 664 (1977). The Ninth Circuit has cited this case in support of the blanket proposition that "[t]he Eighth Amendment does not apply to excessive force against students." *P.B.*, 96 F.3d at 1303 n.4; *see also id.* ("The only amendment other that Fourteenth that arguably applies to the use of excessive force against a student is the Fourth."). Therefore, to the extent that J.F.'s § 1983 claim against defendants Brar, Pando, and Perry is premised on the Eighth Amendment, the defendants' motion to dismiss is GRANTED, without leave to amend.[3]

### 4.    Fifth Cause of Action - Section 1983 Claims; School Official Liability.

For the reasons discussed above, the plaintiff cannot sue the individual defendants in their official capacity because they are shielded from liability by the Eleventh Amendment. Therefore, the defendants' motion to dismiss the plaintiff's fifth cause of action, based on violations of the Fourth and Fourteenth Amendments, is GRANTED, without leave to amend.[4]

//

//

---

[3]In her opposition, J.F. argues that her Eighth Amendment claims apply to defendant Higgerson as well. The Court notes that this cause of action was not pled to include defendant Higgerson. Additionally, for the same reasons set forth above with respect to defendants Brar, Pando, and Perry, a § 1983 claim against defendant Higgerson, premised on the Eighth Amendment, cannot survive.

[4]In her opposition, J.F. requests leave to amend her fifth and sixth causes of action to include claims under section 504 of the Rehabilitation Act of 1973, and the Americans with Disabilities Act. It is not clear that J.F. will be able to allege sufficient facts to establish these claims, and it is possible that the defendants may still have immunity. However, the Ninth Circuit has a liberal policy toward amendments. *See Lopez*, 203 F.3d at 1130. Therefore, the Court GRANTS the plaintiff's request to amend her pleadings to include the requested claims.

United States District Court
For the Northern District of California

**5.      Sixth Cause of Action - School District Liability.**

For the reasons discussed above, the plaintiff cannot sue the school district because it is shielded from liability by the Eleventh Amendment.  Therefore, the defendants' motion to dismiss the plaintiff's sixth cause of action, based on violations of the Fourth and Fourteenth Amendments, is GRANTED, without leave to amend.

**6.      Seventh Cause of Action - Unruh Civil Rights Act.**

In her seventh cause of action, J.F. alleges that individual defendants Brar, Pando, Perry, and Higgerson violated the Unruh Civil Rights act by denying J.F. full and equal access to school facilities on account of her disability.[5]  Compl. ¶¶ 49-54.

The Unruh Civil Rights Act generally provides "that all persons are entitled to free and equal accommodations, privileges, facilities and services in all business establishments."  *Black v. Dep't of Mental Health*, 83 Cal. App. 4th 739, 745 (Cal. Ct. App. 2000).  Public schools are considered business establishments for purposes of the Unruh Civil Rights Act.  *Doe ex rel. Doe v. Petaluma City Sch. Dist.*, 830 F. Supp. 1560, 1580-81 (N.D. Cal. 1993).

J.F. has not set forth a viable claim for violation of the Unruh Civil Rights Act.  Specifically, she has not set forth sufficient facts from which to conclude that she was ever excluded from any accommodations, privileges, facilities, or services at the school.

With regard to defendant Higgerson, J.F. alleges that she "aided classmates of J.F. in excluding J.F. based on manifestations of her disability."  Compl. ¶ 50.  This allegation does not set forth a violation of the Unruh Civil Rights Act because it does not allege that Higgerson denied J.F. access to the accommodations, privileges, facilities, or services of the school.  However, given the chance to amend her pleadings, it is possible that J.F. might be able to establish a violation of the Unruh Civil Rights Act.  Therefore, defendant Higgerson's motion to dismiss the seventh cause of action is GRANTED, with leave to amend.

[5]In her opposition, J.F. asserts that this cause of action is based upon the District's failure to investigate her claims regarding the alleged incident with Pando.  The Court notes that this cause of action was not pled against the defendant District and, as previously noted, the District is shielded from liability by the Eleventh Amendment.

With regard to defendants Brar and Perry, J.F.'s Unruh Act allegations center around the October 26, 2012 incident in the hallway at J.F.'s school.  At no time does J.F. allege that, in the course of this incident, she was denied access to the school's facilities, privileges, or services.  Indeed, the incident took place before school had even started for the day.  *See* Compl. Ex. A. at 5.  However, it is possible that, given the chance to amend her complaint, J.F. might be able to allege facts that would support a violation of the Unruh Act.  Therefore, as to defendants Brar and Perry, the motion to dismiss the seventh cause of action is GRANTED, with leave to amend.

With regard to defendant Pando, as the Court previously noted, it is difficult to discern who Pando is, or precisely what J.F. alleges he did to violate the Unruh Act.  Therefore, as to defendant Pando, the motion to dismiss the seventh cause of action is GRANTED, with leave to amend.

**7.      Eighth Cause of Action - Assault and Battery.**

In her eighth cause of action, J.F. alleges that defendants Brar, Perry, and Pando committed assault and battery.  Compl. ¶¶ 56-58.  She bases these allegations on their previously described interactions with J.F.  *Id.*

With regard to defendants Brar and Perry, the Court finds that J.F. has sufficiently alleged assault and battery.  Therefore, as to defendants Brar and Perry, the motion to dismiss the eighth cause of action is DENIED.[6]

However, with regard to defendant Pando, for the same reasons stated above, J.F. has not alleged sufficient facts for the Court to conclude that she has a viable cause of action for assault and battery. Therefore, as to defendant Pando, the motion to dismiss the eight cause of action is GRANTED, with leave to amend.

//

//

---

[6]The defendants also ask the Court to decline to exercise jurisdiction over J.F.'s state law tort claims.  The Court finds that the state law claims are sufficiently related to the claims that are properly before this Court.  Therefore, at this time the Court DENIES the defendants' motion regarding jurisdiction over the state law claims, without prejudice to renewing the argument at a later time.

**CONCLUSION**

For the foregoing reasons and for good cause shown, and on the basis of the record before it, the Court hereby GRANTS IN PART AND DENIES IN PART the defendants' motion to dismiss. **Any amended complaint must be filed not later than February 24, 2014**. This Order resolves Docket No. 30.

**IT IS SO ORDERED.**

Dated: January 22, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE