IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.F., a minor, by her Guardian ad litem CHERISE ABEL-IRBY,<br><br>  Plaintiff,<br>  v.<br><br>NEW HAVEN UNIFIED SCHOOL DISTRICT, et al.,<br><br>  Defendants. | No. C 13-03808 SI<br><br>**ORDER RE MOTION TO DISMISS** |

Now before the Court is defendants' motion to dismiss plaintiff's first amended complaint. This matter is scheduled for hearing on April 25, 2014. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court GRANTS IN PART AND DENIES IN PART the defendants' motion to dismiss.

**BACKGROUND**

This case stems from problems between plaintiff, minor student J.F., and the defendants, her high school and several of its staff members. In 2012, plaintiff was a student at James Logan High School in the New Haven Unified School District. First Amended Complaint ("FAC") ¶ 13. Plaintiff suffers from Attention Deficit and Hyperactivity Disorder ("ADHD"), for which she takes daily medication. *Id.* ¶ 2.

Plaintiff's FAC makes the following allegations regarding incidents at her school. First, that defendant Higgerson, one of plaintiff's teachers, permitted other students in plaintiff's class to sit apart from plaintiff if manifestations of her ADHD bothered them. *Id.* ¶ 16. Second, that on October 19,

2012, defendant Pando, another of plaintiff's teachers, blocked plaintiff from entering his classroom. *Id.* ¶ 18. Plaintiff alleges that Pando physically pushed her away from the door, causing her to fall to the ground. *Id.* A school security officer came to collect plaintiff and took her to the school office, causing her to miss class that day. *Id.* Third, that on October 26, 2012, plaintiff, along with two other students, was involved in a fight on school grounds. ¶ 5. Defendant Brar, the school principal, broke up the fight by approaching plaintiff from behind and grabbing her arm. *Id.* ¶ 28.[1] Plaintiff responded by striking out and hitting Brar. *Id.* Brar placed plaintiff in a "full body bear hold" to restrain her. *Id.* Defendant Perry, a campus security technician, arrived and assisted Brar. *Id.* Plaintiff was suspended from school for hitting Brar, and was subsequently expelled. *See id.* ¶ 19.

In February, 2013, the school district determined that the October 26, 2012 incident was not a manifestation of plaintiff's ADHD. *Id.* Ex. A at 9. Plaintiff appealed this determination. On May 20, 2013, an ALJ affirmed the school district's determination. *Id.* at 22. On August 16, 2013, plaintiff filed her original complaint in this Court. On January 22, 2014, the Court granted in part and denied in part the defendants' motion to dismiss the complaint. On February 24, 2014, plaintiff filed her FAC, in which she alleges eight causes of action: (1) an appeal of her administrative due process hearing against the District; (2) a claim for attorney's fees; (3) claims for intentional and negligent infliction of emotional distress against all individual defendants; (4) a civil rights claim under 42 U.S.C. § 1983 for violation of her Fourth and Fifth Amendment rights against all individual defendants; (5) a claim under the Americans with Disabilities Act ("ADA") against all defendants; (6) a claim under section 504 of the Rehabilitation Act of 1973 against all defendants; (7) a claim under the Unruh Civil Rights Act against all defendants; and (8) a claim for assault and battery against defendants Brar, Pando, and Perry.

The defendants now move to dismiss portions of Counts Three through Eight of plaintiff's FAC.

**LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This

---

[1] The Court notes that the FAC contains two paragraphs labeled "28." The Court refers here to the first paragraph bearing that number.

2

1 "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer
2 possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While
3 courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to
4 "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555. "A pleading that
5 offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not
6 do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it
7 tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S.
8 at 557). "While legal conclusions can provide the framework of a complaint, they must be supported
9 by factual allegations." *Id.*

10 In reviewing a Rule 12(b)(6) motion, a district court must accept as true all facts alleged in the
11 complaint, and draw all reasonable inferences in favor of the plaintiff. *See al-Kidd v. Ashcroft*, 580 F.3d
12 949, 956 (9th Cir. 2009), *reversed and remanded on other grounds sub nom. Ashcroft v. al-Kidd*, 131
13 S. Ct. 2074 (2011). However, a district court is not required to accept as true "allegations that are
14 merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec.*
15 *Litig.,* 536 F.3d 1049, 1055 (9th Cir. 2008). As a general rule, the Court may not consider any materials
16 beyond the pleadings when ruling on a Rule 12(b)(6) motion. *Lee v. City of L.A.*, 250 F.3d 668, 688-89
17 (9th Cir. 2001). However, pursuant to Federal Rule of Evidence 201, the Court may take judicial notice
18 of "matters of public record," such as prior court proceedings, without thereby transforming the motion
19 into a motion for summary judgment. *Id.* If the Court dismisses a complaint, it must decide whether
20 to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave
21 to amend even if no request to amend the pleading was made, unless it determines that the pleading
22 could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th
23 Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

26 The defendants move to dismiss portions of Counts Three through Eight of plaintiff's FAC for
27 failure to state a claim upon which relief can be granted. Additionally, the defendants contend that
28 plaintiff improperly amended her complaint by inserting entirely new claims for which she failed to seek

3

leave, and therefore these new claims should be dismissed. The Court will discuss the issue of improper amendment first, and then address each cause of action.

**1.     Improper Amendment.**

The Court's prior Order granted plaintiff leave to amend her § 1983 causes of action to include claims brought under § 504 of the Rehabilitation Act of 1973, and the ADA. *See* Dkt. No. 40 at 8 n.4. Instead, plaintiff added entirely new causes of action based on alleged violations of these statutes. Plaintiff further added a claim for intentional infliction of emotional distress, a § 1983 claim against Higgerson, and an Unruh Civil Rights claim against the District. In her opposition to the instant motion, plaintiff apologizes for improperly amending her complaint, seeks leave to add these claims, and asks the Court to consider these claims despite their nonconformity with the Court's prior Order. Given the Ninth Circuit's liberal policy toward amendments, and in the interest of judicial economy, the Court will consider these new claims, even though they were added without leave. Accordingly, to the extent defendants move to dismiss due to improper amendment, that motion is DENIED.

**2.     Third Cause of Action - Intentional and Negligent Infliction of Emotional Distress.**

In Count Three of the FAC, plaintiff alleges claims of both negligent ("NIED") and intentional ("IIED") infliction of emotional distress against the four individual defendants.

**A.     Plaintiff's NIED Claim.**

NIED is not a separate tort; instead, it is a species of the tort of negligence, and therefore requires that the plaintiff adequately plead duty, breach, causation, and damages. *Burgess v. Superior Court*, 2 Cal. 4th 1064, 1072 (1992). "Whether a defendant owes a duty of care is a question of law. Its existence depends upon the foreseeability of the risk and a weighing of policy considerations for and against imposition of liability." *Id.*

The Court finds that plaintiff has sufficiently alleged an NIED claim against Brar, Pando, and Perry. Plaintiff alleges that the three men "each had a duty to use reasonable care and appropriate force when managing disciplinary matters." FAC ¶ 46. Plaintiff claims that Pando breached this duty when

4

he pushed her to the ground to stop her from entering his classroom. *Id.* ¶ 18. Brar and Perry allegedly breached this duty when physically restraining plaintiff during her altercation on school grounds. *Id.* ¶ 28. Plaintiff claims that, as a result of these breaches, she suffered physical injury and emotional distress. *Id.* ¶ 46-47. Taken together, these allegations constitute a plausible claim for NIED.

However, plaintiff has not alleged a viable NIED claim against Higgerson. Plaintiff's only allegations with regard to Higgerson center around Higgerson's willingness to permit other students to sit apart from plaintiff if they were disturbed by manifestations of plaintiff's ADHD. *Id.* ¶ 16. With respect to Higgerson, plaintiff has failed to allege both duty and breach. Therefore, her NIED claim against Higgerson must fail.

Accordingly, the Court DENIES defendants' motion to dismiss the NIED claim against defendants Brar, Pando, and Perry, but GRANTS the motion to dismiss the NIED claim against defendants Higgerson, with prejudice.

### B. Plaintiff's IIED Claim.

To prevail on an IIED claim, a plaintiff must prove: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Avina v. United States*, 681 F.3d 1127, 1131 (9th Cir. 2012) (applying California law). The Ninth Circuit defines "outrageous conduct" as conduct "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Tekle v. United States*, 511 F.3d 839, 855 (9th Cir. 2007) (citation and internal quotation marks omitted).

Plaintiff's IIED claims are premised on the same set of facts described above, relating to her NIED claims. Plaintiff alleges that, as a result of the defendants' actions, she suffered severe emotional distress. Although presenting a far closer question than did the NIED claim, the Court finds that these allegations are sufficient to support a plausible claim of IIED, and therefore DENIES the motion to dismiss plaintiff's IIED claim.

### 3. Fourth Cause of Action - Section 1983 Claims Against the Individual Defendants.

In Count Four of her FAC, plaintiff alleges that the individual defendants violated her Fourth and Fifth Amendment rights. In its prior Order, the Court denied the defendants' motion to dismiss plaintiff's Fourth Amendment claims against Brar and Perry, and granted the motion as to plaintiff's other constitutional claims, with leave to amend. Thus, the claims at issue here are plaintiff's Fourth Amendment claims against Pando and Higgerson, and her Fifth Amendment claims against all four individual defendants.

In her opposition, plaintiff states that she does not wish to assert any Fourth Amendment violations against Higgerson. She further states that she wishes to withdraw all claims related to violations of the Fifth Amendment. Therefore, with respect to Higgerson, the motion to dismiss Count Four is GRANTED, with prejudice. With respect to plaintiff's Fifth Amendment claims, the motion to dismiss is GRANTED, with prejudice.

The only remaining issue is the viability of plaintiff's Fourth Amendment claims against Pando. In its prior Order, the Court granted this aspect of the motion to dismiss because plaintiff had failed to allege sufficient facts. *See* Dkt. No. 40 at 7. In the FAC, plaintiff alleges that Pando "unlawfully pushed and knocked [plaintiff] to the ground," an action she alleges "was clearly excessive to the need, and was objectively and subjectively unreasonable." FAC ¶ 53. Viewing these allegations in the light most favorable to plaintiff, the Court cannot say that her claim is utterly implausible. Therefore, the Court DENIES the defendants' motion to dismiss plaintiff's § 1983 claim for violations of her Fourth Amendment rights, with respect to defendant Pando.

### 4. Fifth Cause of Action - ADA Claims Against All Defendants.

In her fifth cause of action, plaintiff alleges that all defendants violated Title II of the ADA by discriminating against plaintiff because of her ADHD. The defendants argue that the claims against the individual defendants under the ADA must be dismissed because Title II of the ADA applies only to entities. *See also Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002) ("The ADA applies only to public entities . . . ."). Plaintiff appears to concede this in her opposition, arguing that, nonetheless, the District may be liable under Title II of the ADA.

6

As the Court held in its prior Order, the District is a state agency, protected from suit by the Eleventh Amendment. Dkt. No. 40 at 4. However, the District may still be sued under Title II of the ADA if its underlying conduct also constitutes a constitutional violation. *See United States v. Georgia*, 546 U.S. 151, 156 (2006). To determine whether the District may be subject to suit, effectively abrogating the Eleventh Amendment's sovereign immunity provision, the Court must determine: "(1) which aspects of the [District's] alleged conduct violated Title II; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid." *Id.* at 159.

Plaintiff cannot satisfy the *Georgia* test here. Her claim must fail under the test's second prong because, although plaintiff alleges violations of her Fourth Amendment rights, those claims are brought only against the individual defendants, not against the District. Because plaintiff does not allege that the District's conduct amounted to a constitutional violation, the District is immune from suit under the ADA, pursuant to the Eleventh Amendment. *See E.H. v. Brentwood Union Sch. Dist.*, No. C13–3243 TEH, 2013 WL 5978008, at *5 (N.D. Cal. Nov. 4, 2013).

None of the defendants are subject to suit under Title II of the ADA – the individual defendants because they are not entities, and the District because it is protected by the Eleventh Amednment. Accordingly, the Court GRANTS the motion to dismiss plaintiff's fifth cause of action, with prejudice.

**5.      Sixth Cause of Action - Section 504 Claims Against All Defendants.**

In her sixth cause of action, plaintiff alleges that she was excluded from school activities and programs because of her disability, in violation of § 504 of the Rehabilitation Act. The defendants make the same argument with respect to the individual defendants that they raise with respect to plaintiff's ADA claim – namely, that individual defendants are not subject to suit under § 504. Plaintiff argues in response only that the District is subject to claims under § 504. Therefore, the Court GRANTS the motion to dismiss the § 504 claims, with respect to the individual defendants, with prejudice.

With respect to the District, the Court finds that plaintiff has sufficiently alleged a violation of § 504. She has adequately alleged that she is a person with a disability, who was excluded from

7

participating in, or denied the benefits of, a program or activity receiving federal financial assistance. FAC ¶¶ 66-68. Although plaintiff's factual allegations in support of this claim relate to actions of the individual defendants, the District may be liable via a theory of *respondeat superior* under the Rehabilitation Act. *See Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1141 (9th Cir. 2001).

Plaintiff's FAC contains sufficient allegations to support a plausible claim that the District is liable under § 504 of the Rehabilitation Act. Accordingly, the Court DENIES the defendants' motion to dismiss the § 504 claims as they relate to the District.

### 6. Seventh Cause of Action - Unruh Civil Rights Act.

In her seventh cause of action, plaintiff alleges that the individual defendants denied her full and equal access to a business establishment, in violation of the Unruh Civil Rights Act. The defendants argue that this claim must fail because the Unruh Act applies only to business establishments, not to individuals. However, plaintiff correctly argues that the Act itself provides that an individual may seek to recover damages from "[w]hoever denies, aids, or incites a denial, or makes any discrimination or distinction contrary" to the substantive provisions of the Act. *See* Cal. Civ. Code § 52(a). Courts within the Ninth Circuit have routinely interpreted the Unruh Act to provide plaintiffs with recourse against individual defendants. *See, e.g.*, *Nicole M. ex rel. Jacqueline M. v. Martinez Unified Sch. Dist.*, 964 F. Supp. 1369, 1388 (N.D. Cal. 1997); *Aikins v. St. Helena Hosp.*, 843 F. Supp. 1329, 1339 (N.D. Cal. 1994). Accordingly, the Court finds that plaintiff's claims against the individual defendants under the Unruh Act are not barred on this basis.

In its prior Order, the Court dismissed plaintiff's Unruh Act claims because she had not alleged sufficient facts to demonstrate a violation of the Unruh Act. In her FAC, plaintiff has alleged additional facts regarding the individual defendants' actions. The California Supreme Court has stated that the Unruh Act should be interpreted "in the broadest sense reasonably possible." *Isbister v. Boys' Club of Santa Cruz, Inc.*, 40 Cal. 3d 72, 76 (1985) (citation and internal quotation marks omitted). Accordingly, the Court finds that the FAC sets forth plausible allegations that the individual defendants violated the Unruh Act.

8

Therefore, the Court DENIES the defendants' motion to dismiss plaintiff's seventh cause of action.

**7.  Eighth Cause of Action - Assault and Battery.**

In her eighth cause of action, plaintiff alleges that Brar, Pando, and Perry are liable for assault and battery.  In its prior Order, the Court denied the defendants' motion to dismiss this cause of action with respect to Brar and Perry, but granted the motion, with leave to amend, with respect to Pando.  The defendants' only argument in favor of dismissing this cause of action against Pando is that plaintiff's § 1983 claim against Pando must fail, and it is therefore improper for the Court to retain jurisdiction over the state law claim of assault and battery.  However, the Court has denied the motion to dismiss plaintiff's § 1983 claim against Pando.  Accordingly, the defendants' motion to dismiss plaintiff's eighth cause of action is DENIED.

## CONCLUSION

For the foregoing reasons and for good cause shown, and on the basis of the record before it, the Court hereby GRANTS IN PART AND DENIES IN PART the defendants' motion to dismiss.  This Order resolves Docket No. 46.

**IT IS SO ORDERED.**

Dated: April 22, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

9